142 F.3d 447
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Yolanda RANGEL, Defendant-Appellant.
 No. 97-50426.
D.C. No. CR-97-00872-WBE.
 United States Court of Appeals,
Ninth Circuit.
 .
Submitted April 20, 1998.**
Decided April 24, 1998.
 
 Appeal from the United States District Court for the Southern District of California, William B. Enright, District Judge, Presiding.
 Before BRUNETTI, RYMER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Yolanda Rangel appeals from her guilty plea conviction and sentence for importation of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 952 and 960. Rangel contends that the district court erred at sentencing by determining that Rangel was only entitled to a two-level minor role adjustment rather than a four-level minimal role adjustment, and by failing to make specific findings on the issue. We reject Rangel's contentions.
 
 
 3
 A district court's finding that a defendant does not qualify for minor or minimal participant status is heavily dependent on the facts of the particular case, and we uphold such a finding unless it is clearly erroneous. See United States v. Davis, 36 F.3d 1424, 1436 (9th Cir.1994). "Moreover, this court has consistently stated that a downward adjustment under section 3B1.2 is to be used infrequently and only in exceptional circumstances." Id. "Just because a defendant may be less culpable than other participants in an offense, he is not necessarily entitled to a minimal or minor role adjustment under section 3B1.2." Id. at 1435.
 
 
 4
 Here, the government opposed any adjustment based on Rangel's role in the offense, noting that Rangel had a prior arrest in 1989 for the same activity. After hearing arguments from Rangel's counsel on whether an adjustment was warranted, the district court concluded that "there is much in what the government has said." Specifically, that Rangel received a "substantial break in very similar circumstances in 1989." The court then granted Rangel a two-level rather than a four-level decrease for her role, after finding that Rangel did not have a proprietary interest in the material.
 
 
 5
 Given these circumstances and the court's references to Rangel's prior arrest, we reject Rangel's contention that the district court clearly erred by not granting her a four-level adjustment or that the court erred by failing to make specific findings on the issue. See id.
 
 
 6
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3